# EXHIBIT A

Case 3:19-cv-00338-CHL   Document 1-2   Filed 05/02/19   Page 2 of 7 PageID #: 10



**Commonwealth of Kentucky**
**Office of the Secretary of State**

Alison Lundergan Grimes
Secretary of State

Summons Division
PO BOX 718
FRANKFORT, KY 40602-0718

April 4, 2019

CIGNA AKA. LIFE INS. CO. OF
NORTH AMERICA
PO BOX 22325
PITTSBURGH, PA 15222

**PITTSBURGH**
APR 1 0 2019
GROUP LIFE & DISABILITY
BENEFITS OFFICE/MAILROOM

FROM:   SUMMONS DIVISION
        SECRETARY OF STATE

RE:     CASE NO: 19-CI-02036

COURT:  Circuit Court Clerk
        Jefferson County, Division: 7
        700 West Jefferson St.
        Louisville, KY 40202
        Phone: (502) 595-3055

Legal action has been filed against you in the captioned case. As provided under Kentucky law, the legal documents are enclosed.

**Questions regarding this action should be addressed to:**

   (1) Your attorney, or
   (2) The attorney filing this suit whose name should appear on
       the last page of the complaint, or
   (3) The court or administrative agency in which the suit is filed
       at the clerk's number printed above.

The Kentucky Secretary of State has NO POWER to make a legal disposition of this case. Your responsive pleadings should be filed with the clerk of the court or agency where the suit is filed and served directly on your opposing party.

No copy of future pleadings need be sent to this office unless you wish us to serve the pleading under a particular statute or rule and pay for said service.

---

Kentucky Secretary of State's Office        Summons Division                    4/4/2019

| | | |
|---|---|---|
| AOC-105　　Doc. Code: CI<br>Rev. 1-07<br>Page 1 of 1<br>Commonwealth of Kentucky<br>Court of Justice　www.courts.ky.gov<br>CR 4.02; CR Official Form 1 | (Seal)<br>**CIVIL SUMMONS** | Case No. 19CI02036<br>Court ☑ Circuit ☐ District<br>County　Jefferson |

**PLAINTIFF**

SUSAN WALLER

JEFFERSON CIRCUIT COURT
DIVISION SEVEN (7)

VS.

**DEFENDANT**

CIGNA aka. LIFE INS. CO. OF　　NORTH AMERICA

PO BOX 22325
PITTSBURGH PA 15222

APR 04 2019
SECRETARY OF STATE

**Service of Process Agent for Defendant:**
SECRETARY OF STATE

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

　　You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or** by **an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

　　The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: ___MAR 28 2019___, 2____

DAVID L. NICHOLSON, CLERK

_____ Clerk
By: _____ D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

_____

this _____ day of _____, 2_____.

Served by: _____

_____ Title

NO. 19CI02036

JEFFERSON CIRCUIT COURT
DIVISION _____

SUSAN WALLER ) PLAINTIFF
)
v. )
) COMPLAINT
)
)
CIGNA GROUP INSURANCE ) DEFENDANT
aka. LIFE INSURANCE COMPANY OF NORTH )
AMERICA )
PO BOX 22325 )
PITTSBURG PA 15222-0325 )
)
)
SERVE: )
SECRETARY OF STATE )
700 CAPITOL AVE )
SUITE 152 )
STATE CAPITOL )
FRANKFORT KY 40601 )
)
)

\*\*\* \*\*\* \*\*\*

Comes the Plaintiff, SUSAN WALLER, by counsel, and for her cause of action against Defendant states as follows:

## PARTIES AND VENUE

1. Plaintiff is a resident of Louisville, Jefferson County, Kentucky.
1. Defendant, Cigna Group Insurance Company (hereinafter "carrier" or "Defendant" or "Cigna") also sometimes known as "Life Insurance Company of North America" is a corporation doing business in the Commonwealth of Kentucky.
2. This is an action brought by a participant to recover long term disability benefits ("LTD") due to her under the terms of a wage replacement insurance plan. The plan is part of an employment benefit and IS governed by §502(e) of the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1132(e).
3. This Court has concurrent jurisdiction with the Federal District Court.

## FACTS

4. Plaintiff was a full-time employee of Airline Reporting Corporation ("employer") for a sufficient time period so as to be eligible for coverage under the terms of an insurance contract incident # 4217189, policy #VTD0961551.
5. As a full time employee, Plaintiff was eligible for, and was participating in the long-term disability plan ("LTD", "plan") offered by employer.
6. At all times relevant to this Complaint, the Plan was administered by Cigna and at all relevant times Cigna remained the so called "plan administrator".
7. By virtue of Plaintiff's medical impairments, and according to medical personnel, it is apparent that Plaintiff is permanently and totally disabled.
8. Plaintiff applied for and was granted LTD coverage.
9. For reasons that are medically and contractually mysterious Cigna decided to review LTD the file. The re-review resulted in a denial.
10. The the Plaintiff has exhausted all administrative remedies.
11. Cigna's in house medical review performed by the Defendant's "hired medical reviewer(s)", practitioner(s) of unknown qualifications, erroneously concluded that the Plaintiff was able to perform an occupation. The Defendant Cigna fails to offer a rational basis as to why it does not concur with a diagnosis of disability consistent with Plaintiff's treating physicians who opine Plaintiff cannot return to work due to both a severe physical conditions which restrict and limit the Plaintiff to engage in any form of employment. Cigna has violated its fiduciary duty to Plaintiff and the ERISA statue. Kalish v. Liberty Mutual, 419 F.3d 501 (6th Cir. 2005).
12. Cigna's in-house reviewing staff erroneously concluded that the Plaintiff was capable of returning to work and to work full time, as she did before the onset of her disability. Cigna refused to consider all of the Plaintiff's medical ailments and combined effect on her to terminate benefits. Said action is in violation of Sixth Circuit jurisprudence.
13. Cigna's refusal to consider Plaintiff's combination of medical impairments, and the effect each has on the other, is error. The Claimant is entitled to have the combination of all impairments considered under the Plan. The Defendant so callously ignored substantive medical proof that it cannot now enjoy the, so-called, arbitrary and capricious standard of review even it plan language states to the contrary, and the medical history should be reviewed *de novo*.
14. Cigna is legally unable to cancel Plaintiff's benefits based on even its own medical and vocational findings.

15. Any physician who has personally treated the Plaintiff has never questioned the permanency and totality of Plaintiff's disability.
16. Defendant Cigna's conclusions that Plaintiff is not totally disabled was arbitrary and capricious, based on faulty data, flies in the face of the longitudinal medical evidence from the treating sources, and was executed in violation of relevant provisions of the plan.
17. At all relevant times Cigna was acting under a conflict of interest as it was the entity which determined if the Plaintiff was disabled and the entity which is responsible for payment of LTD wage replacement benefits.
18. In accordance with the terms of the plan, the Plaintiff did apply for Social Security Disability benefits ("SSDI") from the Social Security Administration ("SSA").
19. Defendant cannot ignore the finding of SSA without adequate explanation in its decision even if such decision falls outside the administrative review. <u>Whitaker v. Hartford Life and Accident Co.</u> 404 F.3d 947 (6th Cir. 2005).

## COUNT 1
## BREACH OF ERISA STATUTE

20. Pursuant to the ERISA statute Plaintiff is entitled to long-term disability benefits under the Plan.
21. Alternatively, Defendant has wrongfully denied Plaintiff LTD benefits and has breached the terms of the Plan under the dictates of the simple contract.
22. Defendant's decision to deny Plaintiffs benefits and their claim handling have been arbitrary and capricious and is not supported by substantial evidence, and is tantamount to a breach of contract, violating Plaintiff's expectations pursuant to the terms of the contract of insurance.

WHEREFORE the Plaintiff prays as follows:
1. For payment of disability benefits due to her, calculated from the date benefits were ceased until the present, with interest to the extent permitted by law;
2. For an Order compelling Defendant to continue all disability benefits from the present forward in time until such time as the terms of Defendant's contract of insurance permits a reinvestigation of Plaintiff's continued medical eligibility under the Plan;
3. For attorney's fees and expenses that Plaintiff has incurred for enforcing her ERISA contractual rights as well as any other rights;

4. For any and all equitable relief Plaintiff is entitled to under common law contract theory, tort, or under ERISA, including Defendants' assistance in remedying any damage their termination of benefits has caused respecting Plaintiff's credit history;

5. For her costs expended herein;

6. For any and all relief to which Plaintiff may be entitled under any legal claim, whether it be pursuant to a contract claim, state based statutory claims, federal ERISA based claims, or other claims that may arise once discovery is complete.

Respectfully submitted,

_____
ROBERT A. FLORIO
1500 Story Ave
Louisville, KY 40206
Co-Counsel for Plaintiff
502-587-0228